UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRANCE D. HOOD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-952-CCB-SJF |
| RON NEAL, | |
| Defendant. | |

## OPINION AND ORDER

Terrance D. Hood is a prisoner in the Indiana State Prison. Without a lawyer, he filed an amended complaint and a preliminary injunction motion alleging he is in imminent danger because he is being denied constitutionally required medical treatment. Because of the seriousness of this claim, there is not time to review the other claims in the complaint before ordering a response. Moreover, screening the rest of the claims would be inefficient because Hood says he intends to seek leave to file a Second Amended Complaint. ECF 8. Therefore, only the one medical claim related to the preliminary injunction motion will be screened in this order.

Hood alleges he has a pacemaker that requires monitoring with a special machine every 90 days so a report can be sent to his cardiologist. He alleges the machine has been lost and no report has been downloaded or sent to the cardiologist for 20 months. He alleges he has surgery scheduled sometime before February 26, 2026, (perhaps to update the pacemaker which he believes only has a 9-year lifespan). He

alleges his cardiologist requires that he have a special diet to prepare for surgery, but he is not receiving it.

Under the Eighth Amendment, constitutionally adequate medical treatment requires that his healthcare providers not be deliberately indifferent to his objectively serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that they are "act[ing] in an intentional or criminally reckless manner, i.e., the[y] must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though [they] could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "For a medical professional to be … deliberate[ly] indifferen[t] to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). "In the inadequate medical care context, deliberate indifference does not equate to medical malpractice; the Eighth Amendment does not codify common law torts. It is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021) (cleaned up). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a

prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

Hood's medical providers may not be deliberately indifferent to his heart and pacemaker, but at the pleading stage of this proceeding, the allegations in the amended complaint state a claim for permanent injunctive relief. Warden Ron Neal has both the authority and the responsibility to ensure that Hood receives constitutionally adequate medical care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Hood will be granted leave to proceed on an official capacity claim for permanent injunctive relief.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Warden Neal will be ordered to respond to the preliminary injunction motion.

For these reasons, the court:

(1) **GRANTS** Terrance D. Hood leave to proceed against Warden Ron Neal in his official capacity to obtain permanent injunctive relief to obtain constitutionally adequate medical treatment for his heart and pacemaker as required by the Eighth Amendment;

(2) **TAKES UNDER ADVISEMENT** all other claims for later screening as required by 28 U.S.C. § 1915A;

(3) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from Warden Ron Neal by email to the Indiana Department of Correction with a copy of this order, the amended complaint (ECF 7), and the motion for preliminary injunction (ECF 6),

(4) **DIRECTS** the clerk email a copy of the same documents directly to Warden Ron Neal at the Indiana State Prison;

(5) **ORDERS** Warden Ron Neal to acknowledge receipt of the email sent to him;

(6) **DIRECTS** the clerk to note that acknowledgement on the docket;

(7) **ORDERS** Warden Ron Neal to file and serve a response to the preliminary injunction, as soon as possible but not later than **January 6, 2026**, (with supporting medical documentation and declarations from other staff as necessary) describing/explaining how Terrance D. Hood is receiving constitutionally adequate medical care for his heart and pacemaker; and

(8) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim in the complaint for permanent injunctive relief to obtain constitutionally adequate medical treatment for Terrance D. Hood's heart and pacemaker as required by the Eighth Amendment.

SO ORDERED on December 19, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5