UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRANCE D. HOOD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-952-CCB-SJF |
| RON NEAL, | |
| Defendant. | |

OPINION AND ORDER

Terrance D. Hood, a prisoner without a lawyer, filed a preliminary injunction motion arguing he is being denied constitutionally adequate medical treatment at the Indiana State Prison (ISP) for his heart and pacemaker. ECF 6. In the motion, he asked:

> the court to have the provider here at ISP set up an appointment before Feb. 26, 2026. The provider here at ISP has made no attempt whatsoever to do so. On July 31, 2025, upon plaintiff's return from his visit with the cardiologist, within 3 days intake (ISP) there should have been a schedule visit between plaintiff and provider to review outside providers orders. Provider Diane Thews and the MD Nancy Marthakis both fail to meet with the plaintiff or review the cardiologist's orders to provide the Ensure[1] or schedule the surgery. Failing to follow any of the cardiologist's orders.

ECF 6 at 5. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

---

[1] Ensure is "[a] type of nutrition drink that may help people who cannot get all the nutrients they need from foods and other drinks. Ensure has vitamins, minerals, protein, and fats. It may be added to a person's diet to help build strong bones, rebuild muscle and strength, and help the body heal after injury or surgery. Ensure may be taken by mouth or given through tube feeding. Ensure is a type of polymeric enteral nutrition formula and a type of dietary supplement." National Cancer Institute at the National Institutes of Health, https://www.cancer.gov/publications/dictionaries/cancer-terms/def/ensure.

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In his response to the preliminary injunction motion, Warden Ron Neal details the medical treatment Hood has received and submits over two hundred pages of records. ECF 17. He argues:

> The records show that at all times, ISP medical staff have provided care to the best of their abilities to manage Hood's medical needs. He is scheduled to have another chronic care visit at the end of January; to see a cardiologist again in February for replacement of his Pacemaker; and there are legitimate penological reasons for Hood not receiving Ensure protein drinks, which are not necessary for his cardiac condition.

ECF 17 at 10.

In his reply, Hood does not dispute that he has been scheduled for medical appointments. ECF 24. He does not dispute that he is receiving extensive medical care, but argues it is because he files grievances and health care requests. Though he may dislike this process, he cannot demonstrate that he will suffer irreparable harm when he is receiving medical care – even if it is only after he complains.

The only dispute Hood raises in his reply is about not receiving Ensure. Both parties agree the cardiologist ordered that he get Ensure. Both agree he is not receiving Ensure. Warden Neal argues Hood's BMI is too high to meet ISP's healthcare criteria to receive Ensure and "[t]here was evidence that Hood was trafficking his Ensure protein drinks."[2] ECF 17 at 9. Hood argues the BMI justification contradicts the trafficking

---

[2] Warden Neal also argues "Additionally, LPN Burnham followed up with the cardiology clinic about whether Ensure was necessary for Hood's diet prior to his surgery, and they confirmed that they only requested an Ensure diet because he requested it. (Ex. A-2, p. 155)." That would be a powerful

argument and that he never trafficked Ensure.[3] Thus, the question before the court is whether to grant an injunction ordering Hood to receive Ensure.

To prevail, Hood must demonstrate that without Ensure he is being denied constitutionally adequate medical care. Why Hood is being denied Ensure is not particularly relevant to the preliminary injunction question. Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "[M]edical professionals are not required to provide 'proper' medical treatment to prisoners, but rather they must provide medical treatment that reflects 'professional judgment, practice, or standards.'" *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "[A] constitutional violation exists only if no minimally competent professional would have so responded under those circumstances." *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021) (citations and quotation marks omitted).

Here, Hood has not demonstrated that denying him Ensure is denying him constitutionally adequate medical care. Rather, he has only demonstrated a disagreement between medical professionals. "[D]isagreement between two medical professionals about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Riley v. Waterman*, 126 F.4th 1287, 1296 (7th

---

argument if the evidence supported it. However, Nurse Burnham's Administrative Note does not say that. What it says is "i called the outside cardiology clinic and discussed with them. nurse julie and kelsey were with pt at appointment and stated that he was continuously asking and talking about it and wanting them to tell medical at isp to give it to him." ECF 17-3 at 155 (unedited). The Administrative Note says Hood continuously asked for Ensure, it does not say why it was ordered.

[3] Hood claims his cardiologist prescribed Ensure "to help strengthen Hood's heart and body for his upcoming surgeries." ECF 24 at 3. However, he points to nothing in the record other than his own testimony showing why the cardiologist recommended he consume Ensure.

Cir. 2025) (cleaned up). "[E]ven if their refusal … constitutes a disagreement with specialists' recommendations, disagreements between medical professionals about the proper course of treatment rarely amount to deliberate indifference. There is certainly nothing in this record to justify departure from that general rule." *Id.* (citations omitted).

Ensure is a nutrition drink. *See* footnote 1. Receiving it might be beneficial, but Hood has not demonstrated that without it he will suffer irreparable harm. Perhaps at some point in the future, Hood's cardiologist will require he consume Ensure as a condition of performing surgery and that without surgery he will suffer irreparable harm, but this record does not establish that Ensure is constitutionally required. The preliminary injunction motion will be denied.

With the preliminary injunction motion, Hood filed a twenty-eight-page amended complaint naming fifteen defendants. ECF 7. Because the preliminary injunction question appeared urgent, the court deferred screening the amended complaint so the motion could be promptly addressed. With the preliminary injunction now resolved, the amended complaint is ripe for screening. However, the court has many other urgent matters and it will be some time before the amended complaint is screened. Until then, this case will be stayed.

For these reasons, the preliminary injunction motion (ECF 6) is **DENIED**. This case is **STAYED** pending screening of the amended complaint.

SO ORDERED on February 5, 2026.

                                            /s/*Cristal C. Brisco*  
                                            CRISTAL C. BRISCO, JUDGE  
                                            UNITED STATES DISTRICT COURT